UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

H. M., a minor, by and through Her Mother
and Next Friend, Jessica Morgan                                    **PLAINTIFF**

VS.                                    CIVIL ACTION NO. 3:23-cv-542-KHJ-MTP

**\*Jury Trial Demanded**

SMITH COUNTY, MISSISSIPPI,
LYBRIANT CLARK, INDIVIDUALLY
AND AS A SHERIFF'S DEPUTY FOR
SMITH COUNTY, MISSISSIPPI,
JOEL HOUSTON, AS SHERIFF OF SMITH
COUNTY, MISSISSIPPI; DEFENDANTS 1-10 ALL WHOSE
NAMES ARE PRESENTLY UNKNOWN,
INDIVIDUALLY                                                        **DEFENDANTS**

## COMPLAINT

COMES NOW the Plaintiff, H.M., a minor, by and through her mother and next friend, Jessica Morgan, by and through her attorney of record, E. Nicholas Cerra, and respectfully files this her Complaint, hereby asserting the following claims against Defendants, in the above styled and numbered cause and for cause of action will show unto this Honorable Court as follows, to-wit:

I.

### INTRODUCTION AND CAUSES OF ACTION

This action is brought for the denial of the constitutional right(s) of Plaintiff, H. M., and for damages for violations of the Mississippi Tort Claim Act under the Court's supplemental jurisdiction by Defendants pursuant to the following authorities, to-wit:

1. *Violations of 42 U.S.C. §1983 –Arrest*
2. *Violations of 42 U.S.C. §1983 –Detention and Confinement*
3. *Violations of 42 U.S.C. §1983 – refusing or neglecting to prevent;*
4. *Violations of the Fourth Amendment of the United States Constitution;*
5. *Violations of the Fourteenth Amendment of the United States Constitution;*
6. *Fourth Amendment Claim for Infliction of Unnecessary and Excessive Force*
7. *Violations of the Mississippi Tort Claims Act §11-46-1 et seq.;*
8. *Intentional infliction of emotional distress;*
9. *Negligent infliction of emotional distress;*
10. *General negligence; and*
11. *Violations of state constitutional rights.*

II.

**JURISDICTION**

1. Jurisdiction of this Court arises under 28 U. S. C. §§ 1331, 1337, 1343(a), and 1387(a); 42 U.S.C. §§ 1983, 1985, 1986; and 18 U. S. C. §§ 1961-1968.

2. Jurisdiction of this Court for the pendent claims is authorized by Rule 18(a) and arises under the doctrine of pendent jurisdiction as set forth on *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966).

III.

**VENUE**

3. Venue is proper in the Northern (Jackson) Division of the Southern District of Mississippi pursuant to 28 U. S. C. §1391 since the Defendants are located or reside therein and a substantial part of the events giving rise to this cause of action occurred in Smith County, Mississippi, in the Northern Division of the Southern District of Mississippi.

IV.

**PARTIES**

4. Plaintiff, H. M., is a minor resident of Smith County, Mississippi, appearing with benefit of counsel and by and through her mother and next friend, Jessica Morgan, who is a natural person and was a resident of Mississippi during all relevant times involved in this action.

5. Defendant, Smith County, Mississippi, is a political subdivision and county of the State of Mississippi. The County acted under color of law in carrying out its official police duties through its Sheriff and deputies of the Smith County Sheriff's Department. Smith County, Mississippi may be served with process upon its Chancery Clerk.

6. Defendant, Lybriant Clark, was a sheriff's deputy for Smith County, Mississippi, and is named as a Defendant individually and in his official capacity as a sheriff's deputy. He may be served with process in Greene County, Mississippi.

7. Defendant, Joel Houston, is the Sheriff of Smith County, Mississippi and is named as Defendant in his official capacity as the Sheriff of Smith County, Mississippi. He may be served with process in Smith County, Mississippi.

8. Defendants 1-10 all of whose names are presently unknown but will be substituted by amendment when ascertained are individuals who were or purported to be persons who participated in the incidents which form the basis of this lawsuit.

V.

**FACTS AND CAUSES OF ACTION**

9. On or about the night of October 25, 2021, at approximately 7:30 P.M., Plaintiff, a minor, was taken into custody by Smith County Sheriff's Deputy Lybriant Clark for concerns about the Plaintiff's mental health; Plaintiff was taken into custody; and Plaintiff was thereafter placed into Deputy Clark's official vehicle.

10. Plaintiff was thereafter transported by Deputy Clark from her home in Taylorsville, Smith County, Mississippi to the Juvenile Detention Center in Hattiesburg, Forrest County, Mississippi.

11. During the transport, Deputy Lybriant Clark did not travel directly to the Juvenile Detention Center; rather, he took an indirect route unfamiliar to the Plaintiff.

12. During the long drive with the Plaintiff in custody, Deputy Clark began to discuss sexually explicit content and activity with the Plaintiff, a minor; and Deputy Clark showed pornographic imagery to the Plaintiff.

13. Eventually, Deputy Clark sexually propositioned the Plaintiff, a minor, attempting to entice, induce, persuade, seduce, solicit, advise, coerce, or order Plaintiff to engage in sexually explicit conduct with him and/or other persons.

14. Deputy Clark repeated his advances several times.

15. All the while, Deputy Clark utilized explicit and vulgar language to attempt to entice, threaten, and distress Plaintiff.

16. Plaintiff refused Deputy Clark's advances, and Deputy Clark made threats designed to dissuade Plaintiff from disclosing his advances and other inappropriate conduct to other persons.

17. Deputy Clark emotionally abused and negligently and/or intentionally caused emotional distress, *repeatedly* and *continuously,* to the Plaintiff throughout the events described herein. All events herein occurred while Plaintiff was in the custody of the Sheriff's Department of Smith County, Mississippi.

18. That at all times complained herein, Deputy Clark was acting within the scope and course of his employment with Defendant, Smith County, Mississippi, in furtherance of the business interests of said county, under the direct supervision, authority and control of said county, under color of law, and within the scope of his duties as an employee on duty of said county.

19. Deputy Clark was fired as an employee of Smith County, Mississippi, and was prosecuted in the Circuit Court of Forrest County, Mississippi, in Cause No. 22-539W, for child exploitation pursuant to Mississippi Code Ann. § 97-5-33(6), for the events described herein.

20. Deputy Clark plead guilty to said charge on or about February 22, 2023, and was sentenced by the Forrest County Circuit Court.

21. Upon information and belief, Defendants, Smith County, Mississippi, Joel Houston, and other Defendants 1-10 failed to have in place adequate and non-ambiguous policies, training, and/or supervision relating to the proper and legal manner deputies with the Smith County Sheriff's Department conduct themselves in interacting with the citizens of Smith County, Mississippi, including the Plaintiff, in pursuit, arrest, search, detention, confinement, use of force, transportation, interaction with persons in mental distress, interaction with minors, appropriate conduct with persons of the opposite sex, and supervision of personnel actively transporting persons in their custody.

22. Furthermore, upon information and belief, Defendants, Smith County, Mississippi, Joel Houston, and other Defendants 1-10, prior to and including the events described herein, entered into and participated in practice and policies of condoning, overlooking, permitting, aiding, and assisting deputies of the Smith County Sheriff's Department in committing illegal, unconstitutional bad acts against the citizens, including Plaintiff, while in Smith County, Mississippi.

23. As a direct, natural, and proximate result of all of the Defendants' intentional, malicious, and negligent acts and omissions, and in particular such acts and omissions occurring on or about October 25, 2021, Plaintiff has suffered emotional injuries of fear, stress, depression, anxiety, embarrassment, and humiliation.

24. Notice of intent to sue Smith County, Mississippi was properly and timely given pursuant to Miss. Code Ann. §11-46-11, and Plaintiff has fully complied with such section.

## COUNT 1

## VIOLATIONS OF 42 U.S.C. §1983-ARREST

25. Plaintiff hereby incorporates herein each and every preceding paragraph by reference *in toto*. At all times relevant to the subject matter of this cause, the conduct of Defendants

was subject to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, and acting under the color of law, Defendants denied Plaintiff her rights, privileges and/or immunities secured by the United States Constitution and federal law by:

a) Depriving Plaintiff of her liberty without due process of law by taking her into custody and holding her against her will;

b) By making unreasonable searches and seizures of her property and/or person without due process of law;

c) By conspiring for the purpose of impeding and hindering the due course of justice with intent to deny Plaintiff the equal protection of the laws; and/or

d) By refusing or neglecting to prevent such privations and denials to Plaintiff thereby depriving her of her rights, privileges, and immunities as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

## COUNT 2

### VIOLATIONS OF 42 U.S.C. §1983-DETENTION AND CONFINEMENT

26.     Plaintiff hereby incorporates herein each and every preceding paragraph by reference *in toto* and realleges allegations contained in Count 1, above, herein. As a result of the concerted unlawful and malicious detention and confinement of the Plaintiff, Defendants deprived said Plaintiff of her right to liberty without due process of law and her right to equal protection of the laws thereby impeding the due course of justice in violation of the Fifth and Fourteenth Amendments of the Constitution of the Untied States and 11 U.S.C. §1983.

## COUNT 3

### VIOLATIONS OF 42 U.S.C. §1983-REFUSING OR NEGLECTING TO PREVENT

27.     Plaintiff hereby incorporates herein each and every preceding paragraph by reference *in toto* and realleges allegations contained in Count 2, above, herein. At all times relevant

to the subject matter of this cause, the Defendants were acting under the direction, control, instance, request, and authority of Smith County, Mississippi, Defendant, Joel Houston, Sheriff of Smith County, Mississippi, and Defendants 1-10.

28. Acting under color of law and pursuant to official and/or unofficial policy and/or customs, Defendants, Smith County, Mississippi, Joel Houston, Sheriff of Smith County, Mississippi, and Defendants 1-10 knowingly, recklessly, or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis the deputies of the Smith County Sheriff's Department, specifically Defendant Lybriant Clark for the Smith County Sheriff's Department and Defendants 1-10 in performance of their duties and to refrain from the following:

   a) Unlawfully and maliciously arresting, imprisoning, and prosecuting citizens, including Plaintiff, who were acting within accordance of her constitutional and statutory rights, privileges, and immunities;

   b) Conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the U.S. Constitution and the laws of the United States and the laws of the State of Mississippi; and

   c) Depriving Plaintiff of her constitutional and statutory rights, privileges, and immunities otherwise.

29. Defendants knew or should have known that if they had diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis that the wrongs being done and conspired to be done were being inflicted upon Plaintiff and other citizens of Smith County, Mississippi, could have been avoided and prevented. Defendants Smith County, Mississippi, Joel Houston, sheriff of Smith County, Mississippi, and Defendants 1-10 had the power to prevent or aid in preventing the commission of said wrongs and could have prevented

the wrongs from being committed on Plaintiff by reasonable diligence, but they knowingly, recklessly, or with gross negligence failed or refused to do so.

30. Defendants directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of the Smith County Sheriff's Department, its deputies, and other personnel.

31. Defendants Smith County, Mississippi, Joel Houston, sheriff of Smith County, Mississippi, and Defendants 1-10 failed to provide Smith County Sheriff's Department deputies and employees with adequate supervision and/or training and failed to enact or adopt consistent and unambiguous policies related to transportation of suspects, reasonable search or investigation, and the appropriate use of force and/or failed to adequately train or instruct Smith County Sheriff's Department deputies concerning such policies and/or failed to adequately enforce such policies or to adequately supervise those individuals carrying out such duties. Such failure constitutes a deliberate indifference to the known and/or obvious need for proper supervision, training, enactment, or enforcement of adequate policies and the likely harm to members of the public, including Plaintiff, as a result.

32. Defendants Smith County, Mississippi, Joel Houston, sheriff of Smith County, Mississippi, and Defendants 1-10 had in place written or unwritten policies, practices, and/or customs which encouraged, enabled and/or allowed the county's deputies/employees to act with deliberate indifference to the constitutional rights of individuals.

33. Pursuant to 42 U.S.C. and the Fourth Amendment to the United States Constitution, all Defendants are jointly and severally liable for the violation of the civil and constitutional rights of the Plaintiff.

## COUNT 4

### VIOLATIONS OF THE FOURTH AMENDMENT
### OF THE UNITED SSTATES CONSTITUTION

34. Plaintiff hereby incorporates herein each and every preceding paragraph by reference *in toto* and realleges allegations contained in Count 3, above, herein. As a result of the actions and inactions of Defendants, Plaintiff was deprived of both her liberty without due process of law and her right to equal protection of the law, and the due and proper course of justice was impeded in violation of the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §§ 1983 and 1985.

## COUNT 5

### VIOLATIONS OF THE FOURTHEENTH AMENDMENT
### OF THE UNITED STATES CONSTITUTION

35. Plaintiff hereby incorporates herein each and every preceding paragraph by reference *in toto* and realleges allegations contained in Count 4, above, herein. During the time of her detention by Defendant Clark, Plaintiff was subjected to improper searches and interrogation without due process of law and her right to protection of the laws, and the due course of justice was impeded in violation of the Fourth, Fifth, Nineth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983.

## COUNT 6

### FOURTH AMENDMENT CLAIM FOR INFLICTION
### OF UNNECESSARY AND EXCESS FORCE

36. Plaintiff hereby incorporates herein each and every preceding paragraph by reference *in toto* and realleges allegations contained in Count 5, above, herein.

37. Defendants acting in their individual capacities and under color of law with callous disregard and/or malicious intent violated Plaintiff's well established right to be free from the use

of unnecessary and excessive force pursuant to 42 U.S.C. 1983 and the Fourth Amendment to the United States Constitution by illegally threatening Plaintiff with physical force or repercussion, by arresting and detaining the Plaintiff when she posed no physical threat, was in no way resisting arrest, and was not in violation of any law—and further, by attempting to sexually exploit the Plaintiff, a minor.

## COUNT 7

### VIOLATIONS OF THE MISSISSIPPI TORT CLAIMS ACT §11-46-1, ET SEQ.

38. Plaintiff hereby incorporates herein each and every preceding paragraph by reference *in toto* and realleges allegations contained in Count 6, above, herein.

39. Smith County, Mississippi, acting by and through its sheriff, Defendant Joel Houston, its employee, Defendant Lybriant Clark, and Defendants 1-10 under color of state law, intimidated and threatened Plaintiff, putting her in continuing anxiety and fear. The actions of Smith County, Mississippi, acting through its sheriff and sheriff's department, are in violation of the Mississippi Tort Claims Act, Miss. Code Ann. §11-46-1, et seq.

## COUNT 8

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

40. Plaintiff hereby incorporates herein each and every preceding paragraph by reference *in toto* and realleges allegations contained in Count 7, above, herein. Defendants intentionally and deliberately inflicted emotional distress on the Plaintiff, by conspiring and maliciously arresting, detaining, abusing, and sexually exploiting the Plaintiff, and by abusing the lawful process for unlawful purposes by violating the Constitutional and statutory rights of the Plaintiff. The conduct of the Defendants was extreme, outrageous, and beyond all possible or conceivable bounds of decency. The Plaintiff suffered emotional distress at the hands of the Defendants by the intentional acts of the Defendants.

## COUNT 9

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

41. Plaintiff hereby incorporates herein each and every preceding paragraph by reference *in toto* and realleges allegations contained in Count 8, above, herein. Defendants, Smith County, Mississippi and Joel Houston, its Sheriff, had an affirmative duty to ensure that the officers and detectives protected the rights of all individuals; however, the Defendants continually neglected their duty and negligently inflicted emotional distress on the Plaintiff. The negligent breach of their duties caused the Plaintiff emotional distress.

## COUNT 10

### GENERAL NEGLIGENCE

42. Plaintiff hereby incorporates herein each and every preceding paragraph by reference *in toto* and realleges allegations contained in Count 9, above, herein. Defendants, Smith County, Mississippi and Joel Houston, its Sheriff, had a duty to supervise and train the deputies and to take steps to prevent events such as occurred in this case—the exploitation, interrogation, intentional inflict of emotional distress, the wrongful detainment, the false arrest, and the unlawful threatening of Plaintiff. Said Defendants owed a duty to the Plaintiff in this case, but the Defendants wholly breached the standard of ordinary care required of them to supervise their employees, agents, deputies, and subordinates. As a result of these breaches, the Plaintiff suffered damages from the Defendants, jointly and severally.

## COUNT 11

### VIOLATIONS OF STATE CONSTITUTIONAL RIGHTS

43. Plaintiff hereby incorporates herein each and every preceding paragraph by reference *in toto* and realleges allegations contained in Count 10, above, herein. Defendants continually violated the Plaintiff's Mississippi State Constitutional rights, specifically the right not to be

deprived of life, liberty, or property except by due process of law, and Defendants subject the Plaintiff to cruel and unusual punishment. Plaintiff suffered damages from the Defendants' breach of their duty to comply with and uphold the Mississippi State Constitution.

## VI.

## **VICARIOUS LIABILITY**

44. Smith County, Mississippi, is, in addition to its own individual liabilities, liable for the acts and omissions of its employees, agents, and deputies under the doctrine of respondeat superior.

## VII.

## **DAMAGES**

45. As a direct and proximate cause of the negligent and intentional acts of Defendants as set forth above, Plaintiff suffered pain and suffering, severe mental anguish, anxiety, humiliation, fear, and injury past, present and future as well as permanent in connection with the deprivation of her constitutional and statutory rights guaranteed by the United States Constitution, Mississippi State Constitution, and federal law.

46. That Plaintiff is entitled to recover all of her injuries, losses and damages suffered, both economic and non-economic, of, from, and against Defendants, jointly, severally, and/or vicariously, as appropriate.

## VIII.

## **REQUEST FOR RELIEF**

Plaintiff, H.M. by and through her mother and next friend, Jessica Morgan, requests the following relief: that process be issued in accordance with law to the Defendants and that Plaintiff be granted a jury trial and judgment from, of, and against the Defendants as follows, to-wit:

   a) Reasonable compensatory damages form and against each of the Defendants, individually, jointly, severally, and/or vicariously, as appropriate;

b) Punitive damages from, of, and against each of the individual Defendants, jointly and severally;

c) Plaintiffs' costs of court, including reasonable attorney fees and expenses pursuant to 42 U.S.C. §1988 and state law;

d) Pre- and post-judgment interest at the maximum lawful rate from the date of filing of this complaint until paid in full; and

e) General relief.

        Respectfully submitted,
        H. M., a minor, by and through her Mother
        and Next Friend, Jessica Morgan,
        PLAINTIFF

By:   */s/ E. Nicholas Cerra*
       E. NICHOLAS CERRA (MSB# 105671)
       Attorney for Plaintiff

**E. NICHOLAS CERRA**, *MSB #105671*
Cerra Law Firm, PLLC
Post Office Box 722
Laurel, Mississippi 39441
Telephone: (601) 453-8984
Facsimile: (601) 300-8097
Email: *ENCerra@CerraLawFirm.com*