UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

H.M., a minor, by and through her mother
and next friend, Jessica Morgan                                              PLAINTIFF

V.                                              CIVIL ACTION NO. 3:23-CV-542-KHJ-MTP

SMITH COUNTY, MISSISSIPPI, et al.                                           DEFENDANTS

ORDER

Before the Court is Plaintiff H.M.'s [16] Motion for Default Judgment. The Court denies the motion without prejudice.

I.   Background

This case arises from a police officer's alleged child exploitation.

Plaintiff H.M., a child, was in mental distress one night in 2021. *See* Compl. [1] ¶¶ 9, 21. Defendant Lybriant Clark, who was then a Smith County Sheriff's Deputy, arrived at H.M.'s home in Taylorsville. *Id.* ¶¶ 9−10. Clark took H.M. into custody, placing her in his police car. *Id.* ¶ 9. The two then set out for the juvenile detention center in Hattiesburg. *Id.* ¶ 10.

According to the Complaint, Clark made that long drive longer, taking an indirect route that H.M. did not recognize. *Id.* ¶ 11. Clark then "began to discuss sexually explicit content and activity." *Id.* ¶ 12. After that, Clark "showed pornographic imagery" to H.M. *Id.* Clark then repeatedly propositioned the child in his custody, "attempting to entice, induce, persuade, seduce, solicit, advise, coerce, or order [her] to engage in sexually explicit conduct." *Id.* ¶¶ 13−15. H.M. refused his

advances. *Id.* ¶ 16. Clark threatened her, attempting to dissuade her from telling anyone about his advances and misconduct. *Id.*

Smith County fired Clark, and Forrest County prosecuted him for child exploitation. *Id.* ¶ 19. Clark pleaded guilty. *Id.* ¶ 20.

This suit followed. H.M. sued Clark, Smith County, Sheriff Joel Houston, and 10 unknown Defendants. *Id.* ¶¶ 5–8.[1] The Complaint raises 11 claims—six under federal law and five under state law. *See id.* ¶¶ 25–43. Multiple counts allege that Defendants engaged in a conspiracy. *See id.* ¶¶ 25, 28–29, 40. And the Complaint alleges that Defendants are "jointly and severally liable" for unspecified damages. *See id.* ¶¶ 33, 42; *id.* at 12–13 (Request for Relief).

H.M. timely served Defendants—including Clark, who is now incarcerated. *See* [3]; [4]; [5]. Smith County and Houston filed an answer. [6]. Clark did not. So the Clerk entered default against him. [12]. H.M. then moved for a default judgment against Clark. [16]. Counsel attached an affidavit, reiterating that Defendants are "jointly and severally" liable for unspecified damages. [17] ¶ 7.

II. Analysis

The Court may not yet enter a default judgment against Clark.

"Even when a defendant is in default, a plaintiff is not 'entitled to a default judgment as a matter of right.'" *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022) (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "When a case involves multiple defendants, courts may not grant default judgment against

---

[1] Through an agreed order, the Court dismissed the Complaint's official-capacity claims against Clark as "duplicative of those asserted against Smith County." [13] at 1.

one defendant if doing so would conflict with the position taken by another defendant." *Id.* at 495 (citing *Frow v. De La Vega*, 82 U.S. (15 Wall.) 552 (1872)); *see also, e.g.*, *Gen. Elec. Cap. Corp. v. Arnoult*, No. 99-CV-2411, 2002 WL 32856, at *2 (E.D. La. Jan. 9, 2002) (citing 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2690 (3d ed. 1998)). "When joint and several liability is at issue, default judgment against one, but not all, potentially liable defendants is not appropriate." *Allstate Prop. & Cas. Ins. Co. v. Moore*, No. 3:13-CV-177, 2014 WL 1400171, at *2 (S.D. Miss. Apr. 9, 2014).

Granting a default judgment against Clark would conflict with Smith County and Houston's position. Smith County and Houston deny most of the Complaint's factual allegations and deny liability for all 11 claims. *See* [6] ¶¶ 1–3, 5–6, 8–19, 21–46. Because multiple Defendants "remain[] to contest" H.M.'s claims, *Escalante* and *Frow* preclude granting a default judgment against Clark. *Escalante*, 34 F.4th at 495. H.M. may reassert her motion after "the matter has been adjudicated with regard to all defendants." *Arnoult*, 2002 WL 32856, at *2. For now, Clark remains in default while this case proceeds. *See Frow*, 82 U.S. (15 Wall.) at 554.

III. Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES without prejudice Plaintiff H.M.'s [16] Motion for Default Judgment.

SO ORDERED, this 4th day of December, 2023.

s/ *Kristi H. Johnson*  
UNITED STATES DISTRICT JUDGE
