UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

H.M., a minor, by and through her mother                    PLAINTIFF
and next friend, Jessica Morgan

V.                                      CIVIL ACTION NO. 3:23-CV-542-KHJ-MTP

SMITH COUNTY, MISSISSIPPI, et al.                          DEFENDANTS

ORDER

Before the Court is Defendants Smith County and Joel Houston's [29] Motion for Judgment on the Pleadings. The Court denies the motion.

I.    Background

This case arises from a police officer's alleged child exploitation. *See* Order [19] at 1–2.

More than six months after filing their answer, and almost four months into discovery, Defendants Smith County and Joel Houston moved for judgment on the pleadings. *See* Answer [6]; Case Mgmt. Order [20]; [29]. Defendants did not acknowledge Rule 12(c)'s timeliness requirement. *See* [29]; Defs.' Mem. Supp. Mot. [30]; Defs.' Reply [35]. Nor did they explain why Defendants waited so long to file their Rule 12(c) motion. *See id.*

Defendants' motion became ripe on May 3, 2024—less than a month and a half before discovery was set to close. *See* [20]; [35]. On the day of the discovery deadline, Defendants moved to extend the discovery and dispositive-motion deadlines given their pending Rule 12(c) motion. [38]. The Magistrate Judge

extended those deadlines and moved trial from December 2024 to February 2025. *See* [20]; Am. Case Mgmt. Order [40].

II.   Standard

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c); *see also, e.g.*, 5C Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1367 (3d ed. 2024) ("If a party engages in excessive delay before moving under Rule 12(c), the district court may refuse to hear the motion on the ground that its consideration will delay or interfere with the commencement of the trial.").

III.   Analysis

The Court denies the motion as untimely. Defendants failed to file their motion "early enough not to delay trial." Fed. R. Civ. P. 12(c). Indeed, Defendants' belated motion already resulted in a months-long delay in trial. *See supra* pages 1–2; *see also, e.g.*, *Biniaris v. Hansel Union Consulting, PLLC*, 382 F. Supp. 3d 467, 471, 474 (E.D. Va. 2019) (stating that defendant could "not utilize a Rule 12(c) Motion at this late stage in the proceedings as a substitute for a motion for summary judgment" because the pleadings had closed four months earlier, the court had conducted a Rule 16(b) conference, and discovery was "well ongoing").

Even if the Court had taken up Defendants' motion as soon as it became ripe, the motion would have been untimely. The Court would have permitted Plaintiff H.M. an opportunity to file an amended pleading upon dismissal, which necessarily would have delayed trial. *See Caramba, Inc. v. Nationwide Mut. Fire Ins. Co.*, No.

19-CV-1973, 2020 WL 7646292, at *2 (S.D. Tex. Dec. 23, 2020) (collecting cases);

*O'Neal v. State Farm Fire & Cas. Co.*, No. 23-CV-232, 2024 WL 1209556, at *2

(W.D. Wash. Mar. 21, 2024); *Biniaris*, 382 F. Supp. 3d at 471.

The Court thus denies Defendants' motion. If they wish, Defendants may re-urge their arguments in a motion for summary judgment.

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES Defendants Smith County and Joel Houston's [29] Motion for Judgment on the Pleadings.

SO ORDERED, this 19th day of July, 2024.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE